UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DENNIS CAUCHON,

    Plaintiff,

v.                                                         Civil Action 2:25-cv-75
                                                         Judge Edmund A. Sargus, Jr.
                                                         Magistrate Judge Chelsey M. Vascura

DWAYNE STEWARD, *et al.*,

    Defendants.

**OPINION AND ORDER**

Plaintiff, Dennis Cauchon, is the former President of the non-profit Harm Reduction Ohio ("HRO"). Plaintiff sues three members three members of HRO's board of directors under the False Claims Act ("FCA") in connection with their termination of Plaintiff's employment. This matter is before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint (ECF Nos. 53, 54.) For the reasons that follow, Plaintiff's Motion is **GRANTED**.

        **I.**         **BACKGROUND**

Plaintiff commenced this action on January 28, 2025, asserting claims against Defendants in his own right under the FCA, as well as derivative state-law claims on behalf of HRO for breach of fiduciary duty and declaratory and injunctive relief. (Compl., ECF No. 1.) Plaintiff contemporaneously filed a motion for temporary restraining order and preliminary injunction. (ECF No. 3.) On February 27, 2025, Plaintiff withdrew his motion for temporary restraining order and preliminary injunction and filed a First Amended Complaint that dropped all claims apart from his FCA claim. (Notice of Withdrawal, ECF No. 32; First Amended Complaint ("FAC"), ECF No. 31.) Plaintiff then re-filed the dropped state-law claims in the Court of

Common Pleas for Franklin County, Ohio, on March 5, 2025. (State Court Compl., ECF No. 55-1.) Plaintiff pursued the same temporary restraining order and preliminary injunction in state court, but the state court denied both motions. (*See* March 10, 2025 Entry, ECF No. 55-2, March 24, 2025 Entry, ECF No. 45-2, PAGEID #795–802.) The state court further stayed the state-court proceedings pending this outcome of the action pending in this Court. (*Id.* at PAGEID #800.)

On April 3, 2025, the Court entered a Preliminary Pretrial Order reflecting the parties' agreement that "[m]otions or stipulations addressing the parties or pleadings, if any, must be filed no later than April 25, 2025"; that "[a]ll discovery shall be completed by April 1, 2026"; and that "[c]ase dispositive motions shall be filed by May 29, 2026."  (ECF No. 42.)

Plaintiff filed the subject motion to file a Second Amended Complaint on July 29, 2025. (ECF Nos. 53, 54.) Therein, Plaintiff seeks to reinstate the earlier withdrawn state-law claims, as well as add HRO as a Defendant to the FCA claim and supplement each claim with allegations containing newly discovered information. (*Id.* at 1.) Defendants oppose, contending that Plaintiff's proposed amendments to the FCA claim would be futile, that Plaintiff's reinstated claims would be barred by the claims-splitting doctrine, and that the Court should decline to exercise supplemental jurisdiction over the state-law claims after dismissing the sole federal claim under the FCA. (Defs.' Mem. in Opp'n, ECF No. 55.)

## II. STANDARDS GOVERNING PLEADING AMENDMENTS

District courts are required to enter a scheduling order, which limits the time "to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). When, as in this case, a party misses a scheduling order's deadlines and seeks a modification of those deadlines, the party must first demonstrate good cause. *See* Fed. R. Civ. P. 16(b)(4); *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005). "The

2

primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted) (citing cases); *see also Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension." (quotation omitted)). "Another important consideration . . . is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary*, 349 F.3d at 906 (citing *Inge*, 281 F.3d at 625).

If good cause is shown under Rule 16, the Court then considers whether amendment is appropriate under Federal Rule of Civil Procedure 15. Under Rule 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits"). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Off. of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

3

### III. ANALYSIS

As an initial matter, both parties cited only the standard for amendments under Federal Rule of Civil Procedure 15(a)(2), which directs the Court to "freely give leave when justice so requires." However, this standard is of secondary importance where, as here, the Court has already entered a scheduling order under Rule 16 and the deadline to amend the pleadings has passed. See *Leary*, 349 F.3d at 909 ("Once the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a).").

Rule 16(b)(4) requires the Court to consider two factors: Plaintiffs' diligence in seeking the extension and potential prejudice to the opposing parties. Here, the Court can discern no prejudice to Defendants. The proposed amendments would largely reinstate claims that Plaintiff already made previously. Moreover, those same claims are already pending in state court—that is, Defendants will have to defend those claims in one forum or another. Defendants even state that their "position is that this lawsuit should never have been split into two cases to begin with." (Defs.' Mem. in Opp'n 2, ECF No. 55.) Bringing all claims into a single federal suit (while either leaving the stay in the state-court action in place, or voluntarily dismissing the state-court action) would serve judicial economy and preserve the resources of the parties by avoiding piecemeal litigation in two forums. As to the addition of HRO as Defendant and Plaintiff's proposed supplemental allegations based on newly discovery information, Defendants have not suggested that any additional discovery would be necessary to address these new claims and allegations, and even if it were, the case remains in an early stage. Discovery remains open until April 2026 and dispositive motions are not due until May 2026. *Cf. Miller v. Admin. Off. of Courts*, 448 F.3d 887, 898 (6th Cir. 2006) ("Because the discovery deadline had already passed and the deadline

for filing dispositive motions . . . was imminent, the defendants would have been prejudiced if a further amendment had been permitted by the district court.").

Diligence poses a closer question. Plaintiff does not explain his four-month delay in re-asserting his state-law claims after the state-court action was stayed on March 24, 2025, nor does he explain why could not have done so prior to the April 25, 2025 deadline for motions to amend the pleadings. But Plaintiff also proposes supplemental allegations relying on newly discovered information, which he obtained from document productions made on June 24, July 11, and July 16—less than a month before he filed his motion for leave to amend. In light of this minimal delay and the early stage of the case, coupled with the lack of prejudice to Defendants that would result from the amendment, the Court finds good cause to permit Plaintiff to amend his Complaint under Rule 16(b)(4).

The Court now moves to the standard of Rule 15(a)(2), which directs the Court to "freely give leave when justice so requires." Even so, amendment may be denied "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Carson*, 633 F.3d at 495. For the reasons related to minimal delay and lack of prejudice outlined above, the Court finds that Plaintiffs' amendment is not brought in bad faith or for dilatory purposes, and amendment will not result in undue delay.

Defendants' remaining arguments in opposition to Plaintiffs' Motion to Amend relate to the futility of Plaintiff's proposed amendments.[1] Because "denying a motion for leave to amend on grounds that the proposed [complaint] is legally insufficient is, at least indirectly, a ruling on

---

[1] Although Defendants do not word their arguments about claim splitting and supplemental jurisdiction in terms of "futility," Defendants argue that Plaintiff's proposed amendments should not be permitted because they could not succeed on the merits. These are, in essence, futility arguments.

5

the merits" of the claims presented in the complaint, this Court has recognized the "conceptual difficulty presented" when a Magistrate Judge, who cannot by statute ordinarily rule on a motion to dismiss, is ruling on such a motion. *Durthaler v. Accounts Receivable Mgmt., Inc.*, 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) (recognizing the "conceptual difficulty presented"); 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss for failure to state a claim upon which relief can be granted . . . .").

In light of this procedural impediment, the Court concludes that the better course would be to permit Plaintiff to amend his Complaint with the understanding that Defendants are free to challenge the claims against them through a motion to dismiss. *See Durthaler*, 2011 WL 5008552, at *4 ("[I]t is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss."); *Morse/Diesel, Inc. v. Fid. & Deposit Co. of Md.*, 715 F. Supp. 578, 581 (S.D.N.Y. 1989) ("The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed.").

## IV.  DISPOSITION

For these reasons, Plaintiffs' Motion for Leave to File Amendment to Complaint (ECF Nos. 53, 54) is **GRANTED**. The Clerk is **DIRECTED** to file Plaintiff's Second Amended Complaint, attached to his Motion at ECF Nos. 53-1 and 53-2, on the docket **UNDER SEAL**. The Clerk is further **DIRECTED** to file the redacted version of Plaintiff's Second Amended Complaint, attached to his Motion at ECF No. 54-1, on the docket. Defendants' Motion for Judgment on the Pleadings (ECF No. 46) is **TERMINATED AS MOOT** in light of the Second Amended Complaint.

Case: 2:25-cv-00075-EAS-CMV Doc #: 58 Filed: 09/09/25 Page: 7 of 7  PAGEID #: 1085

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

7