UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DENNIS CAUCHON,

    **Plaintiff,**

v.                                   Case Number 2:25-cv-75
                                       Judge Edmund A. Sargus, Jr.
                                       Magistrate Judge Chelsey M. Vascura

DWAYNE STEWARD, *et al.*,

    **Defendants.**

## ORDER

The matter before the Court is a Motion to Intervene filed by Harm Reduction Ohio ("HRO"). (ECF No. 45.) Plaintiff Dennis Cauchon initiated this case because he was terminated as President of HRO, a non-profit organization that distributes naloxone in Ohio. (ECF No. 1, ¶¶ 2, 4.) His first complaint alleged that the Defendants, the HRO Board Members who terminated him, did so in retaliation because he disclosed a conflict of interest to the Ohio Department of Health, one of HRO's partners. (*Id.*) Mr. Cauchon brought his claims against the Defendants in his individual capacity and derivatively on behalf of HRO. (*Id.* ¶ 8.)

HRO requested to intervene in the case for the Court to establish that "Plaintiff is not the current president of HRO, he has no right to be involved in HRO's business, and [order him to] not defame HRO." (ECF No. 45, PageID 761.) The non-profit asserted that after his termination, Mr. Cauchon improperly accessed HRO's funds, interfered with HRO's business, and defamed it. (*Id.*) HRO sought to file an Intervening Complaint against Mr. Cauchon that included seven claims for relief: (1) violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; (2) unauthorized use of computer, cable, or telecommunication property under Ohio Rev. Code § 2913.04; (3) civil theft under Ohio Rev. Code § 2913.02; (4) conversion; (5) tortious

interference with contractual and business relationships; (6) defamation/libel; and (7) declaratory judgment. (ECF No. 45-1.)

While the Motion to Intervene was pending, Mr. Cauchon was granted leave to file a Second Amended Complaint in which he added HRO as a Defendant. (ECF Nos. 58, 59.) As a Party to the case, HRO filed a Counterclaim (ECF No. 62) that is nearly identical to its proposed Intervening Complaint (ECF No. 45-1). HRO's Counterclaim asserts the same seven claims for relief against Mr. Cauchon. (ECF No. 62, PageID 1230–36.)

Because HRO is now a Party in the case and has filed a Counterclaim that asserts the same causes of action it sought to bring in its proposed Intervening Complaint, its Motion to Intervene is now moot. Accordingly, (ECF No. 45) HRO's Motion to Intervene is **DENIED as moot**.

This case remains open.

**IT IS SO ORDERED**.

**1/12/2026**                                                      s/Edmund A. Sargus, Jr.
**DATE**                                                           **EDMUND A. SARGUS, JR.**
                                                                **UNITED STATES DISTRICT JUDGE**