**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**DENNIS CAUCHON,**

        **Plaintiff,**

      **v.**
                             **Civil Action 2:25-cv-75**
                             **Judge Edmund A. Sargus, Jr.**
                             **Magistrate Judge Chelsey M. Vascura**

**DWAYNE STEWARD,** *et al.***,**

        **Defendants.**

**ORDER**

This case came before the Court for a telephonic discovery conference on March 12, 2026. Defendants were represented by counsel, Plaintiff Dennis Cauchon was represented by counsel as to Defendants' counterclaims, and Plaintiff appeared *pro se* as to his individual claims against Defendants.

Plaintiff requested the conference to compel Defendants to produce an unredacted version of the October 10, 2024 investigative report by Attorney Meritza Nelson. Defendants relied on at least part of the Nelson report in deciding to terminate Plaintiff's employment. Defendants argued that only the portion relating to non-party AmandaLynn Reese's potential conflict of interest is relevant to the claims and defenses in this action and redacted all other portions. However, having reviewed the Nelson report *in camera*, the undersigned determined that portions relating to Plaintiff's claim of retaliation are also relevant, given that the retaliation claim was also cited by Defendants in their letter terminating Plaintiff's employment.

Accordingly, Defendants must produce a copy of the Nelson report that includes their proposed redactions, with the exception of the following sections:

- all portions of Section III.C, Dennis's Retaliation Claim, on pp. 17–18;

- all portions of Section IV.E, Retaliation, on pp. 30–34, *except* for the second paragraph on p. 31 (discussing AmandaLynn's claim of retaliation);

- all portions of Section V.B, Personnel Recommendations, on p. 33; and

- corresponding sections of the table of contents.

Plaintiff also moved to compel production of the underlying factual materials provided to Ms. Nelson as part of the investigation, including audio recordings of nine witness interviews. These materials are attorney work product protected by Federal Rule of Civil Procedure 26(b)(3), and Plaintiff has not made the necessary showing of substantial need for these materials or that he cannot obtain the information contained in the material by other means. Defendants need not produce these underlying factual materials.

In sum, Plaintiff's Oral Motion to Compel is **GRANTED IN PART and DENIED IN PART**.


   **IT IS SO ORDERED.**


         /s/ *Chelsey M. Vascura*
         CHELSEY M. VASCURA
         UNITED STATES MAGISTRATE JUDGE