**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DENNIS CAUCHON, | : | Case No. 2:25-cv-00075 |
| | : | |
| Plaintiff, | : | Judge Edmund A. Sargus, Jr. |
| | : | |
| v. | : | Magistrate Judge Chelsey M. Vascura |
| | : | |
| DWAYNE STEWARD, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT TWO (DECLARATORY JUDGMENT) AGAINST ALL DEFENDANTS AND ON COUNT ONE (FALSE CLAIMS ACT RETALIATION) AGAINST DEFENDANT HARM REDUCTION OHIO**

Pursuant to Federal Rule of Civil Procedure 56(a), Plaintiff Dennis Cauchon respectfully moves for partial summary judgment on Count Two of the Second Amended Complaint (ECF No. 59, PageID 1128–29, ¶¶ 183–185), against all Defendants, and on Count One (ECF No. 59, PageID 1126–28, ¶¶ 173–182), against Defendant Harm Reduction Ohio ("HRO") only. The grounds for this motion are set out in the accompanying Memorandum in Support, which includes a Statement of Undisputed Facts in numbered paragraphs (cited as "SOF ¶ __"), and in the Declaration of Dennis Cauchon and the exhibits cited in the Memorandum.

On Count Two, Plaintiff requests partial summary judgment declaring that:

1. HRO's Bylaws (Ex. 2, CAUCHON_000015–017) required at least two weeks' advance written notice to each board member for any official meeting of the Board of Directors, and Ohio Rev. Code § 1702.31(C) makes that bylaw requirement controlling;

2. On September 5, October 13, and October 27, 2024, Plaintiff was a member of HRO's Board of Directors entitled to written notice of official board meetings;

3. Plaintiff did not waive notice, in writing or by attendance without timely protest under Ohio Rev. Code § 1702.19, for the September 5, October 13, or October 27, 2024 meetings;

4. The September 5, 2024 gathering of certain HRO directors was not a validly convened official board meeting, and the purported suspension of Plaintiff announced that day was not validly authorized;

5. The October 13, 2024 gathering of certain HRO directors was not a validly convened official board meeting for lack of timely notice to each director, and the vote taken there to terminate Plaintiff as "Executive Director/President" was therefore not validly authorized board action;

6. The November 4, 2024 termination letter was not validly authorized, whether treated as implementation of the defective October 13 vote or as independent Board action taken without a meeting, because it lacked the unanimous written consent required by Ohio Rev. Code § 1702.25, and no waiver or subsequent valid board action authorized Plaintiff's termination; and

7. The October 27, 2024 gathering of certain HRO directors was not a validly convened official board meeting for want of the required two weeks' notice, and the vote taken there to remove Plaintiff from HRO's Board of Directors was therefore not validly authorized board action.

On Count One, HRO's operative pleading admits that Cauchon was its employee and that HRO terminated his employment on November 4, 2024; no separate ruling is requested on those admitted matters. Plaintiff requests partial summary judgment against Defendant HRO, determining that:

1. HRO's requests for payment under the statewide naloxone contract were claims within 31 U.S.C. § 3729(b)(2)(A)(ii): the requested funds advanced a Government program or interest, and the United States provided a portion of the money requested;

2. Cauchon's course of investigation and reporting — beginning with his July 16, 2024 report to Steward and including the September 3, 2024 disclosure to ODH, the October 4, 2024 written request to the Board invoking the False Claims Act, and the October 22, 2024 written complaint filed October 23 — was protected activity under § 3730(h)(1);

3. HRO knew of Cauchon's protected activity before the October 13, 2024 vote and received additional FCA-specific notice before the November 4, 2024 termination; and

4. The undisputed record establishes the causal connection between the protected activity and HRO's November 4, 2024 termination of Cauchon sufficient for his prima facie retaliation case under § 3730(h). Together with HRO's operative-pleading admissions concerning employment and termination, and the determinations in paragraphs 2 and 3, this establishes Cauchon's prima facie case.

The motion does not present — and expressly reserves for trial — ultimate causation and pretext on Count One; the merits of HRO's asserted non-retaliatory reasons, including any honest-belief or advice-of-counsel argument; damages; the other adverse acts alleged in Count One, including the September 5, 2024 cease-and-desist directive and suspension; the October 27,

2024 Board removal as a Count One adverse action; and any other Count One issue not presented in this motion. The Count One determinations are sought against Defendant HRO only. Nor does Count Two ask the Court to determine who governs HRO today or to disturb any corporate act other than the three challenged actions.

In the alternative, if the Court concludes that any portion of the requested judgment cannot be entered now, Plaintiff requests an order under Rule 56(g) stating that the material facts identified in Part VII.D of the Memorandum in Support are not genuinely in dispute and treating them as established in the case.

WHEREFORE, Plaintiff respectfully requests that the Court grant partial summary judgment as set forth above and in Part VII of the Memorandum in Support.

Respectfully submitted,

/s/ Dennis Cauchon
Dennis Cauchon, *pro se*
327 East Broadway
Granville, Ohio 43023
(740) 973-3814
denniscauchon@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the date of its filing, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve notice of the filing on all counsel of record, including counsel for Defendants Dwayne Steward, Billy Golden, Tasha Turner-Bicknell, and Harm Reduction Ohio.

/s/ Dennis Cauchon
Dennis Cauchon