**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**DENNIS CAUCHON,**
Plaintiff,

**Case No. 2:25-cv-00075**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Chelsey M. Vascura**

v.

**DWAYNE STEWARD, et al.,**
Defendants.

**DECLARATION OF DENNIS CAUCHON IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

I, Dennis Cauchon, declare as follows:

1. I am the Plaintiff in this action. I make this Declaration pursuant to 28 U.S.C. § 1746 and Federal Rule of Civil Procedure 56(c)(4). Unless otherwise stated, the facts set forth in this Declaration are based on my personal knowledge, and I am competent to testify to them.

2. **Exhibit 2 — HRO Bylaws.** Exhibit 2 is a true and correct copy of the Bylaws of Harm Reduction Ohio. I became familiar with these Bylaws through my service as HRO's President, my participation in HRO governance, and my use of HRO corporate records. These Bylaws were in effect during the relevant period. The copy bears Bates numbers CAUCHON_000015 through CAUCHON_000017. Copies of the Bylaws produced by both sides in discovery contain identical operative language.

3. **Exhibit 23 — Defendants' Supplemental Response to Interrogatory No. 13.** Exhibit 23 is a true and correct copy of Defendants' Supplemental Response to Plaintiff's Interrogatory No. 13, served April 28, 2026, with an amended certificate of service dated May 8, 2026, and complete with its verification pages signed by Dwayne Steward, Billy Golden, and Tasha Turner-Bicknell. I received this document from Defendants' counsel in discovery.

4. **Exhibit 3 — September 14, 2018 HRO Board Meeting Notes.** Exhibit 3 is a true and correct copy of HRO's September 14, 2018 Board Meeting Notes, bearing Bates numbers CAUCHON_000932 through CAUCHON_000937. I attended that meeting and recognize the document from my participation in the meeting and my use of HRO corporate records.

5. **Exhibit 4 — March 9, 2024 HRO Board Meeting Minutes.** Exhibit 4 is a true and correct copy of the minutes of HRO's March 9, 2024 Board meeting, which I attended by Zoom. I recognize the document from my participation in the meeting and my use of HRO corporate records. The same three-page copy was previously filed in this action at ECF No. 22-18, where it was designated Exhibit 52. The underlying Word version was maintained in HRO's SharePoint, to which I no longer have access.

6. **Exhibit 26 — September 5, 2024 Cease-and-Desist Email.** Exhibit 26 is a true and correct copy of an email I received from Dwayne Steward on September 5, 2024, at 1:02 p.m., at my HRO email address. The email was copied to Billy Golden and stated that Steward and Golden were sending it as acting Board Chair and Board Vice Chair. It directed me to cease and desist all activities related to conflict-of-interest matters and stated that the direction came from the HRO Board of Directors. The copy filed as Exhibit 26 was produced by Defendants and bears Bates number HRO_000149. I received the same email, retained my copy, produced it in this action at CAUCHON_000873, and previously filed it as Exhibit 9 at ECF No. 1-19, PageID 311.

7. **Exhibit 20 — September 5, 2024 HRO Board Meeting Minutes.** Exhibit 20 is a true and correct copy of the two-page document produced by Defendants in discovery for the September 5, 2024 HRO Board meeting, bearing Bates numbers HRO_000100 through

HRO_000101. I received this copy from Defendants in discovery. I did not attend the September 5, 2024 meeting.

8. **Exhibit 27 — September 5, 2024 Administrative Leave Email.** Exhibit 27 is a true and correct copy of an email I received from Dwayne Steward on September 5, 2024, at my HRO email address. In the email, Steward stated that the HRO Board had met that day and unanimously decided to place me on paid administrative leave until completion of an investigation. The copy filed as Exhibit 27 was produced by Defendants and bears Bates number HRO_000150. I received the same email, retained my copy, produced it in this action at CAUCHON_000878, and previously filed it as Exhibit 20 at ECF No. 1-21, PageID 316.

9. **Exhibit 21 — October 13, 2024 HRO Board Meeting Minutes (Produced Copy and Redacted Copy).** Pages 1 and 2 of Exhibit 21 are a true and correct copy of the two-page regular-session minutes produced by Defendants in discovery for the October 13, 2024 HRO Board meeting, bearing Bates numbers HRO_000108 through HRO_000109; I received this copy from Defendants in discovery. Pages 3 and 4 of Exhibit 21 are a true and correct copy of the redacted version of the same minutes that HRO Board Secretary Colleen Garlock sent to me on October 26, 2024, bearing Bates numbers CAUCHON_000898 through CAUCHON_000899, which I produced in discovery and which was previously filed with the Complaint at ECF No. 1-33. In the redacted version, the portion of the minutes that records the motion, second, and vote to terminate my employment is blacked out. I did not attend the October 13, 2024 meeting.

10. **Exhibit 30 — October 27, 2024 HRO Board Meeting Record.** Exhibit 30 is a composite of records concerning the October 27, 2024 HRO Board meeting. Pages 1

through 9 and 16 through 18 are true and correct copies of documents produced by Defendants in discovery at the Bates numbers shown in Exhibit 30's index. Page 10 is a true and correct copy of the email I sent on October 26, 2024, objecting to the meeting notice and expressly declining to waive proper notice. Defendants produced the same email in discovery as HRO_001520 through HRO_001521.

11. **Transcript within Exhibit 30.** Pages 11 through 15 of Exhibit 30 are the five-page transcript I prepared from my own recording of the October 27, 2024 Zoom meeting, which I attended. I listened to my recording and compared it with the completed transcript, and the transcript fairly and accurately reflects the recorded meeting. Defendants later produced the same recorded meeting in native MP4 form, identified as HRO_000110.mp4; their document production includes a "PRODUCED NATIVELY" slip sheet at HRO_000110. I compared Defendants' recording with my recording and confirmed that they contain the same recorded meeting. I will make Defendants' produced recording, HRO_000110.mp4, available to the Court if the Court requests it. The transcript bears Bates numbers CAUCHON_000902 through CAUCHON_000906 and was previously filed as Exhibit 28 at Doc. 1-35, PageID 340-344.

12. **Exhibit 8 — November 14, 2023 Board Email Transmitting HRO 2022 Form 990 and Part VII Excerpt.** Exhibit 8 is a true and correct copy of (1) an email I sent on November 14, 2023, from my HRO email address to the HRO Board members listed in the email, stating that HRO's 2022 tax return had been completed that day and was attached, and (2) Form 990 (2022), page 7, Part VII, Section A, from HRO's 2022 Form 990. The email identifies the attachment as HRO's 2022 Form 990 for client review. I was HRO's President when I sent the email and when the return was prepared. I

recognize both the email and the Form 990 page, and Exhibit 8 fairly and accurately reproduces them. The email bears Bates number CAUCHON_002859 and the Form 990 page bears Bates number CAUCHON_002870; the complete email and its full attachments were produced at CAUCHON_002859 through CAUCHON_002899 in my August 13, 2026 supplemental production.

13. **Exhibit 22 — November 4, 2024 Termination Email and Letter.** Exhibit 22 is a true and correct copy of the November 4, 2024 email and attached termination letter that I received. I did not sign the termination letter or its acknowledgment page. I did not transmit any written or electronic vote or approval authorizing my termination, and I did not authorize any person to sign or approve the termination on my behalf. I also did not waive notice of the October 13, 2024 meeting.

14. **Exhibit 17 — Affidavit of Laura Cash.** Exhibit 17 is a true and correct copy of the notarized Affidavit of Laura Cash, executed on October 4, 2025. The affidavit bears Ms. Cash's signature and a notarial jurat. It is the same affidavit previously filed in this action at ECF No. 71-3, PageID 1316–1317.

15. **My Role and HRO's Records of Board Composition.** I served as HRO's President from its founding in 2017 until November 2024. In that role I was authorized to speak and act for HRO on governance and administrative matters, including maintaining HRO's records of Board composition and corresponding on HRO's behalf with its administrators, its independent auditor, and its funders. In the ordinary course of its activities, HRO regularly created and kept records of the composition of its Board of Directors — rosters, contact lists, and term-tracking records — and making those records was a regular practice of HRO. I made or supervised the making of those records at or

near the time of the events they record, based on my own knowledge or on information provided by HRO personnel with knowledge.

16. **Exhibit 16 — Internet Archive (Wayback Machine) Captures of HRO's Website.** Exhibit 16 is an eleven-page composite of captures of HRO's public website that I personally retrieved from the Internet Archive's Wayback Machine at web.archive.org, bearing Bates numbers CAUCHON_001011 through CAUCHON_001013 (index pages), CAUCHON_001020 through CAUCHON_001025 (April 2020 captures), and CAUCHON_001088 through CAUCHON_001089 (August 2024 captures). Each capture page displays the web.archive.org address and the capture-date banner as it appeared when I retrieved it. I was closely familiar with HRO's website during my service as President, and I recognize the captured pages as accurate copies of HRO's website content as archived on the dates shown. Exhibit 16 fairly and accurately reproduces the pages as I retrieved them. I reviewed every capture of HRO's About page listed by the Wayback Machine for the period April 26, 2020 through February 7, 2025, and the index pages in Exhibit 16 accurately summarize what each capture shows.

17. **Exhibit 9 — April 2024 Auditor Email and HRO Board Member List.** Exhibit 9 is a true and correct copy of a four-page April 2024 email chain among HRO's independent auditor, HWA Alliance of CPA Firms, HRO administrator Erin Pottenger, and me, together with the attached list titled "HRO Board Members," bearing Bates numbers CAUCHON_002900 through CAUCHON_002903. I was a participant in the chain; the embedded April 24, 2024 email was addressed to me. Providing HRO's Board member list to its independent auditor was part of the annual audit process, which I oversaw as

President, and the attached list is an HRO record of Board composition of the kind described above. I produced Exhibit 9 in my August 13, 2026 supplemental production.

18. **Exhibit 18 — HRO Board Member Term Records.** Exhibit 18 is a true and correct copy of (1) an email I sent on December 22, 2022, from my HRO email address to HRO administrator Mallory Bolen, attaching the spreadsheet "HRO Board members terms dates.xlsx"; (2) the spreadsheet as transmitted; (3) an email I sent on December 12, 2023, to HRO administrator Erin Pottenger re-transmitting the same spreadsheet; and (4) a slip sheet identifying the native Excel file. The exhibit bears Bates numbers CAUCHON_002854 through CAUCHON_002858. I created and maintained the spreadsheet in the ordinary course of HRO administration to track Board members' terms, and I transmitted it on the dates shown. The native Excel file produced at CAUCHON_002858 is the file transmitted with the December 22, 2022 email. I produced Exhibit 18 in my August 13, 2026 supplemental production.

19. **Exhibit 19 — December 23, 2022 HRO Board Meeting Records.** Exhibit 19 is a true and correct copy of one page of HRO's records of the December 23, 2022 Board meeting, bearing Bates number CAUCHON_000966. I attended the December 23, 2022 meeting and recognize the document from my participation in the meeting and my use of HRO corporate records.

20. **Notice of Challenged Board Meetings.** I did not receive written notice at least two weeks in advance of the HRO Board meetings held on September 5, October 13, or October 27, 2024. I received no advance written notice of the September 5 or October 13 meetings. On October 15, 2024, as reflected in Exhibit 30 at pages 1 through 8, I received written notice stating that the Board would meet on October 27, 2024, at 10:00 a.m.

21. **Written and Oral Objections to Notice.** I did not sign or send any written waiver of notice for the September 5, October 13, or October 27, 2024 meetings. I did not attend the September 5 or October 13 meetings. On October 26, 2024, before the October 27 meeting, I sent the written objection reproduced at Exhibit 30, page 10, stating: “I do not waive proper notice for a board meeting to be held tomorrow.” At the commencement of the October 27 meeting, as reflected in Exhibit 30 at pages 11 through 15, I stated: “I do not waive proper notice and object to this meeting.”

22. **Knowledge of the October 13, 2024 Vote.** Neither HRO nor any of its directors informed me of the October 13, 2024 vote to terminate my employment, and to my knowledge none of them informed my attorney. The copy of the October 13, 2024 minutes that I received on October 26, 2024 (Exhibit 21, pages 3–4, CAUCHON_000898 through CAUCHON_000899) was redacted; the redacted portion is the portion that, in the unredacted minutes later produced by Defendants (Exhibit 21, pages 1–2, HRO_000108 through HRO_000109), records the motion and vote to terminate me. I first learned that the Board had voted to terminate my employment when I received the November 4, 2024 email and letter reproduced at Exhibit 22.

23. **Emergency Regulations and Procedures.** During my service as HRO’s President from its founding until November 2024, HRO did not adopt emergency bylaws or emergency regulations of any kind, including under Ohio Rev. Code § 1702.11(C), and HRO had no policy or procedure of any kind, written or unwritten, for calling or holding emergency meetings of the Board. As President I maintained HRO’s governing documents and corporate records, and no such regulation, policy, or procedure exists in those records.

24. **Exhibit 28 — Scheduling of the September 15, 2024 Board Meeting.** In August 2024, HRO's administrator, Cecile Katz, polled the Board for a September meeting date. On August 22, 2024, she confirmed with Dwayne Steward and me that the Board would meet on September 15, 2024, from 10 a.m. to 12 p.m.; I replied, "That works for me," and Steward replied, "This works for me. Typically Dennis has managed the Board agenda." A calendar invitation for "HRO September 2024 Board Meeting" on September 15, 2024 was issued, and I received it. Exhibit 28 is a true and correct copy of those emails and of the calendar invitation as they appear in my HRO email account and calendar, bearing Bates numbers CAUCHON_003012 through CAUCHON_003018. HRO's administrator and Steward were parties to the emails, and Defendants' counsel has identified HRO_001441 as the notice for the September 15, 2024 meeting.

25. **Exhibit 6 — Excerpts of the Rule 30(b)(6) Deposition of Harm Reduction Ohio.** Exhibit 6 is a true and correct copy of excerpts — the title page and appearances (pages 1–2), pages 12–13, 22–23, 28–32, 35, 38–39, 68, and 71–72, and the Certificate of Deposition Officer (page 136) — of the certified transcript of the Rule 30(b)(6) deposition of Harm Reduction Ohio, taken through its designee Tasha Turner-Bicknell on July 30, 2026, as delivered by the court reporter, Veritext Legal Solutions. As of the date of this Declaration, I have received no errata sheet or signed acknowledgment for this transcript. If an errata sheet is served, Plaintiff will promptly file it as a supplement to this Exhibit.

26. **Exhibit 7 — Excerpts of the Deposition of Dwayne Steward.** Exhibit 7 is a true and correct copy of excerpts — the title page and appearances (pages 1–2), pages 16–21, 23–25, 31–32, and 56–57, and the Certificate of Oath and Certificate (pages 86–87) — of the

certified transcript of the deposition of Dwayne Steward, taken July 31, 2026, as delivered by the court reporter, Veritext Legal Solutions. As of the date of this Declaration, I have received no errata sheet or signed acknowledgment for this transcript. If an errata sheet is served, Plaintiff will promptly file it as a supplement to this Exhibit.

27. **Exhibit 36 — October 25, 2024 Pay Stub.** Exhibit 36 is a true and correct copy of the pay stub that HRO issued to me for the October 6–19, 2024 pay period. I received it through HRO's payroll system in the ordinary course of my employment, retained it in my files, and produced it in this action at CAUCHON_002925.

28. **Exhibits Produced by Defendants.** Exhibits 29, 31, 32, 44, 45, 50, 56, 59, 62, and 63, and pages 1 and 2 of Exhibit 60, are true and correct copies of documents produced by Defendants in discovery in this action, bearing the HRO Bates numbers shown on their cover sheets and in the Master Exhibit Index. I sent or received the emails and text messages in Exhibits 50, 56, 59, and 60 and recognize them as the communications I sent or received on the dates they bear.

29. **Exhibits From My Own Files.** Exhibits 46, 47, 51, 52, 53, 54, 55, 57, 58, and 61 are true and correct copies of emails, text messages, and documents that I sent or received in the course of my work as HRO's President, which I retained in my files and produced in this action bearing the CAUCHON Bates numbers shown on their cover sheets and in the Master Exhibit Index. Exhibit 61 includes the employee complaint that I signed and dated on October 22, 2024 and transmitted by email to HRO's administrator and Board Secretary on the morning of October 23, 2024, together with the Board Secretary's reply of that evening. Exhibit 46 includes the signed time-commitment statement that AmandaLynn Reese returned to me on July 23, 2023.

30. **Funding and Contract Records — Exhibits 37 and 40 through 43.** Exhibits 43 (excerpt of the State of Ohio FY2025 Single Audit), 42 (OMHAS–ODH Interagency Agreement for SOS 3.0 Year II), and 40 (Ohio Checkbook record of ODH payments to HRO) are true and correct copies of public records of the State of Ohio that I retrieved from the State's public websites. Exhibits 41 (HRO's July 2024 invoice to ODH) and 37 (Contract CSP016816) are true and correct copies of HRO's invoice and contract, which HRO kept in its contract files during my service as President and which I produced in this action at CAUCHON_002988 through CAUCHON_002993.

31. **Exhibit 39 — Contract Renewal.** Exhibit 39 is a true and correct copy of the August 29, 2024 renewal of Contract CSP016816, which I signed on HRO's behalf, together with the email by which it was transmitted. I produced it in this action at CAUCHON_002996 through CAUCHON_003000.

32. **Exhibit 48 — July 23–24, 2024 "Conflict Issues" Email Thread.** Exhibit 48 is a true and correct copy of the July 23–24, 2024 "Conflict issues" email thread in the two forms produced in this action. Pages 1 and 2 are the copy produced by Defendants in discovery, bearing Bates numbers HRO_000245 through HRO_000246: my July 24, 2024 forward of the thread to Dwayne Steward, copying Cecile Katz, containing AmandaLynn Reese's July 24, 2024 reply and my July 23, 2024 email. Page 3 is the copy produced by AmandaLynn Reese in response to Plaintiff's subpoena, bearing Bates number REESE_000008: the same thread as kept in her Gmail account, including her August 21, 2024 forward of the thread to Billy Golden. I sent the July 23 email and the July 24 forward and received Reese's July 24 reply, and I recognize them as the communications I sent and received on the dates they bear.

33. **Exhibit 60, Page 3 — September 6, 2024 Text Exchange as Filed with the Complaint.** Page 3 of Exhibit 60 is a true and correct copy of the September 6, 2024 text exchange between Dwayne Steward and me that was filed as Exhibit 23 to the original Complaint (ECF No. 1-24, PageID 319) and that I produced in this action at CAUCHON_000881. I sent the 9:16 a.m. message it shows — "To be clear, I consider this action to be retaliation for reporting the conflict." — and received Steward's reply, "I'm really sorry you feel that way". Pages 1 and 2 of Exhibit 60 are the pages produced by Defendants described in Paragraph 28.

34. **Exhibit 38 — ODH Request for Proposals No. SRC0000009421 (Excerpt).** Exhibit 38 is a true and correct copy of four pages of the Ohio Department of Health Request for Proposals No. SRC0000009421 for the Statewide Naloxone Mail Order & Lay Distributor Network: the cover page; page 25, containing Section 10, the Conflict of Interest Statement requirement; page 45, containing the "Conflicts of Interest" provision of the General Terms and Conditions; and page 46, providing that the resulting Contract "will consist of this RFP including all attachments." The pages are taken from the complete copy of the RFP filed with the original Complaint at ECF No. 1-2 (PageID 49, 73, 93, and 94), and each page bears its ECF header.

35. **July 17, 2024 Conversation with AmandaLynn Reese.** On July 17, 2024, I spoke with AmandaLynn Reese in a Zoom video meeting for about an hour regarding her position as Director of Government Advocacy at Velocity BioGroup. I participated in the conversation and have personal knowledge of it. Reese described her Velocity work to me as minimal and occasional. At my request, she promised either to formally end her financial relationship with Velocity or to provide the details of her Velocity work and

payments in writing so that HRO could determine whether a disclosable conflict of interest existed, and we agreed that she would do so by July 22, 2024.

36. **Exhibit 49 — Reese's August 22, 2024 "Draft Disclosure" Email to Steward.** Exhibit 49 is a true and correct copy of AmandaLynn Reese's August 22, 2024, 1:49 p.m. email to Dwayne Steward, subject "Draft Disclosure," and its attached "Conflict of Interest Disclosure Document" dated August 19, 2024, as produced by Reese in response to Plaintiff's subpoena, bearing Bates numbers REESE_000032 through REESE_000034 (pages 1–3), together with the copy of the same email produced by Defendants at HRO_000422 (page 4), which shows Steward's October 1, 2024, 5:31 p.m. forward of the email to the office of HRO's investigator, Maritza Nelson.

37. **My Investigation and Reese's Non-Disclosure to Me.** In late July and August 2024, I began researching whether Reese had done work for Velocity BioGroup on time she was being paid by HRO to work on the statewide naloxone contract, and whether her naloxone ordering may have been influenced by her financial relationship with Velocity. Before founding HRO, I was a national reporter for USA Today. Reese never provided me the details of her Velocity work and payments in writing, and she never told me that she had ended her financial relationship with Velocity; I am aware of no such disclosure to HRO Administrator Cecile Katz. On the morning of September 3, 2024, before the Conflict Disclosure Notice was emailed to ODH, I called Brittany Burns, HRO's contract manager at ODH, and told her that HRO needed to disclose a potential conflict of interest under the contract.

38. **Exhibit 64 — Excerpts of the Deposition of AmandaLynn Reese.** Exhibit 64 is a true and correct copy of excerpts — the title page and appearances (pages 1–2), pages 103–

105 and 119–121, and the Certificate of Deposition Officer (page 177) — of the certified transcript of the deposition of AmandaLynn Reese, taken July 24, 2026, as delivered by the court reporter, Veritext Legal Solutions. Each excerpted page falls outside the portions of the transcript designated confidential (pages 37–96 and 169–170). As of the date of this Declaration, I have received no errata sheet or signed acknowledgment for this transcript. If an errata sheet is served, Plaintiff will promptly file it as a supplement to this Exhibit.

39. **Review of the Produced Board Text Messages.** I reviewed the complete set of board text messages that Defendants produced in this action, Bates-numbered HRO_000844 through HRO_001337. That production contains no October 11, 2024 message providing notice of the October 13, 2024 meeting. The only October 11, 2024 messages in that production are two texts from director Molly True — a personal note to director Garlock and a question about an unrecognized phone number; neither concerns any meeting.

40. **September 5, 2024.** On September 5, 2024, at about 1:00 p.m., I was at the office of attorney David Ball, working on the conflict-review process, when I received the cease-and-desist email described in Paragraph 6.

41. **My Belief and Purpose.** When I investigated and reported the potential conflict, I believed, in good faith, that the information then known to me raised a possible conflict of interest and called into question the continuing accuracy of HRO's conflict-of-interest declaration and full-time staffing representations made to the government. I did not know at the time whether Reese's outside relationship had influenced HRO's naloxone ordering, and I did not claim in the disclosure notice that it had. I did believe at the time that HRO's ordering patterns needed to be reviewed, so I filed a public records request

seeking the naloxone ordering records from the state pharmacy on August 22, 2024 — before my September 3 conflict disclosure and my September 5 suspension. Under the contract, in addition to receiving payments sourced from federal funds, HRO procured approximately 40,000 naloxone kits per year with federal State Opioid Response grant funds. HRO had discretion over the brand of naloxone (Narcan, Kloxxado, or generic) it ordered. My purpose was to make the timely disclosure to HRO's government funder that I honestly believed the contract required — that is, disclosure of Reese's outside employment as Director of Government Advocacy for the lobbying firm representing Kloxxado's manufacturer while she was at the same time overseeing HRO's naloxone ordering. My disclosure was based on accurate, non-speculative information, and its purpose was to protect the accuracy and integrity of HRO's requests for payment and its procurement of naloxone. In the disclosure letter, I reported only information I had confirmed during the 49 days between learning of Reese's outside employment on July 16, 2024 and filing the conflict disclosure notice on September 3, 2024.

42. **Additional Exhibits.** Exhibits 5, 10, 11, 12, 14, and 15 are true and correct copies of HRO governance records — minutes, rosters, contact lists, and funder reports — that I recognize from my service as President and my use of HRO's corporate records, as described in Paragraph 15. Exhibit 13 is a true and correct copy of pages of my October 6, 2019 email to Open Society Foundations and the September 2019 board roster it transmitted, with one paragraph of the email redacted as described on the exhibit's cover sheet. Exhibit 24 is a true and correct copy of an email I received from Defendants' counsel on May 29, 2026, together with the calendar entry that Defendants produced at HRO_001436. Exhibit 25 is a true and correct copy of the October 15, 2024 email I

received from Dwayne Steward. Exhibits 33, 34, and 35 are true and correct copies of emails I sent and retained in the course of my duties.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 31, 2026, in Granville, Ohio.

/s/ Dennis Cauchon
**Dennis Cauchon**
Plaintiff, pro se