**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DENNIS CAUCHON, | : | Case No. 2:25-cv-00075 |
| | : | |
| Plaintiff, | : | Judge Edmund A. Sargus, Jr. |
| | : | |
| v. | : | Magistrate Judge Chelsey M. Vascura |
| | : | |
| DWAYNE STEWARD, *et al.*, | : | |
| | : | |
| Defendants. | : | |

# PLAINTIFF'S SUMMARY-JUDGMENT EXHIBIT 50

## AUGUST 19–20, 2024 CAUCHON–STEWARD EMAIL EXCHANGE ON CONFLICT DISCLOSURE DUTIES

## AS FORWARDED BY STEWARD TO TURNER-BICKNELL AND GOLDEN (AUG. 19, 2024)

## AND TO MARITZA NELSON (SEPT. 10, 2024)

**HRO_000319–322**

Submitted in Support of Plaintiff's Motion for Partial Summary Judgment

Gmail Maritza Nelson <mnelson@msnlawoffice.com>

# Fwd: Conflict of interest form

1 message

**Dwayne Steward** <dwayneasteward@gmail.com> Tue, Sep 10, 2024 at 1:40 PM
To: "Maritza “Shay” S. Nelson" <mnelson@msnlawoffice.com>

[redacted]

Forwarded message ---------
From: **Dennis Cauchon** <dennis@harmreductionohio.org>
Date: Tue, Aug 20, 2024 at 8:58 AM
Subject: Re: Conflict of interest form
To: Dwayne Steward <dwayne@makeitbetterconsulting.com>

I appreciate your knowledge and perspective.

The issue here is whether a conflict exist. We do not know because AmandaLynn has declined to provide details on her arrangement as Director of Government Advocacy for a lobbying company that represents Hikma, the pharmaceutical company that makes Kloxxado. We need to know the details of this arrangement before we can make a decision. It is worrisome that AmandaLynn has declined to disclose details of her work and may have enlisted Tasha to try to get the board to stop fact-gathering (i.e., asking AmandaLynn to complete a simple, disclosure routine form.)

The issue is not targeting someone for outside work. AmandaLynn has run a daycare center out of her house for years. No conflict. Being employed by a pharmaceutical company’s lobbying firm for a brand of naloxone that is opposed by most national harm reductionist but distributed by HRO and not disclosing, despite HRO’s policy, the work done, the terms of the agreement, etc. is a potential serious conflict. A Google search finds further facts on her undisclosed work, such as testifying before the Maryland legislature on pro-Kloxxado legislation.

We need facts before we make a decision.

I suggest we have attorney David Ball, rather than me, do the fact-finding and provide a report. I called him again this morning and hope to hear back today. If he is not available, I suggest asking an employment lawyer at Faruki Law Firm (Dayton-Cincinnati) to do the fact-finding. John Greiner of Faruki represented us in the public records case. I would ask him for the name of someone at his firm who does employment law.

Dennis Cauchon
President, Harm Reduction Ohio
935 River Road, Suite G
Granville, Ohio 43023
(740) 973-3814
dennis@HarmReductionOhio.org
www.harmreductionohio.org/
he/him/his

*“Let’s save some lives today!"*

---------- Forwarded message ---------
From: **Dwayne Steward** <dwayneasteward@gmail.com>
Date: Mon, Aug 19, 2024 at 11:34 PM
Subject: Fwd: Conflict of interest form

To: Turner-Bicknell, Tasha (turnerta) <turnerta@ucmail.uc.edu>, Billy Golden <bgolden@nastad.org>

Hello, sending this to you two so there is full transparency in how I'm advising Dennis...

---------- Forwarded message ---------
From: **Dwayne Steward**
Date: Mon, Aug 19, 2024 at 11:30 PM
Subject: Re: Conflict of interest form
To: Dennis Cauchon <dennis@harmreductionohio.org>

Hello Dennis,

I appreciate you sending over the documentation but I think you are misinterpreting what they're saying. I don't think you should send ODH anything that would jeopardize the contract over an unproven conflict. The documentation does not require reporting of perceived conflicts. In my 15 years managing federal, state and local grants, I have only reported an official conflict of interest once, and that was when I hired an employee that formerly worked at the health department and her former role worked directly on a grant of which we were an awardee. The law required that the former government employee to not work on that specific grant until the statute of limitations expired regarding a direct COI related to government employees, which in that case was 12 months. Following the 12 months, the COI was null and void. I provide this example, because our funders were very aware of our staff working at other agencies and being activists in the community for many causes, even some that protested the agencies that funded us. And yet there was never an COI issue. I don't think the ODH language calls for such a specific COI update. Especially given that it may put the agency's largest grant in jeopardy. Internal COI policies can be more comprehensive, but the state isn't requiring the level of oversight that you're suggesting.

All of this could also lead to a claim of targeted discrimination, given that the referenced employee is a protected class (a female over the age of 40) and the fact that there is language in writing and verbal that points towards focusing a COI submission to the state on one employee, as opposed to all employees. If this is truly an issue, then EVERY employee that has a second job, has served on a board, or crossed paths in any way with a company that distributes naloxone would need to also be reported. Given there aren't any clear stipulations or a clear algorithm to determine a policy breach, this could become a serious slippery slope that could put this grant and other grants in jeopardy if the agency miss-interprets the COI definitions as defined by the state. This is also why an employee law attorney really needs to take a look at this first.

Also if the COI policy becomes this strict, the agency is going to loose employees. In most cases, working at a nonprofit in America means accepting low wages in order to commit to a agency's mission. And many nonprofit employees must work second jobs in order to make ends meet. If HRO continues down this path, they could alienate current and potential staff for having a reputation of blocking the earning potential of it's staff when they can't afford to make up the gap.

Personally, I believe that we should be supporting any employee that chooses to bring their work with a nonprofit into their personal advocacy and board work. It shows that the agency produces industry experts that are sought after and it elevates the impact and credibility of the agency. I think the good far outweighs any concerns in these situations. I'm not saying we should ignore COI's, the law clearly says otherwise, but I'm just saying we should be taking a more people-first approach in how we define and police them.

As I keep saying, I really think we need to tread lightly here Dennis. Let me know if you want to schedule some one on one time to talk through this more.

Dwayne Steward, MPA
Founder and CEO
Make It Better Consulting

make it better
CONSULTING
makeitbetterconsulting.com
dwayne@makeitbetterconsulting.com
(614) 859-9627

On Mon, Aug 19, 2024 at 4:01 PM Dennis Cauchon <dennis@harmreductionohio.org> wrote:

> The conflict forms are due Friday. We cannot delay this. The ODH contract required us to submit a statement listing all people working on the contract for HRO who may have a conflict or possible conflict. I do not know when AmandaLynn started working on this arrangement. But we did provide a statement in the July 2023 application that stated we had no conflicts or possible conflict.
>
> I do not think it's likely this conflict or possible conflict would affect the ODH contract, but that's not our decision. We are required to report all conflict and possible conflicts when we learn of them. AL's paid work for the advocacy firm is clearly a possible conflict.We have currently submitted all documents for a two-year contract renewal. We need to disclose conflicts promptly as part of this renewal.
>
> Dennis Cauchon
> President, Harm Reduction Ohio
> 935 River Road, Suite G
> Granville, Ohio 43023
> (740) 973-3814
> dennis@HarmReductionOhio.org
> www.harmreductionohio.org/
> he/him/his
>
> *"Let's save some lives today!"*

--
Dwayne Steward, MPA
Writer. Speaker. Activist.
makeitbetterconsulting.com
614-859-9627

--
Dwayne Steward, MPA
Writer. Speaker. Activist.
makeitbetterconsulting.com
614-859-9627

**2 attachments**

**Doc - Aug 19 2024 - 3-54 PM.pdf**
204K

**Doc - Aug 19 2024 - 3-48 PM.pdf**

778K