**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DENNIS CAUCHON, | : | Case No. 2:25-cv-00075 |
| | : | |
| Plaintiff, | : | Judge Edmund A. Sargus, Jr. |
| | : | |
| v. | : | Magistrate Judge Chelsey M. Vascura |
| | : | |
| DWAYNE STEWARD, *et al.*, | : | |
| | : | |
| Defendants. | : | |

# PLAINTIFF'S SUMMARY-JUDGMENT EXHIBIT 58

## SEPTEMBER 4–5, 2024 CONFLICT-REVIEW EMAILS — EXCERPTS

**CAUCHON_002926–930, 002939–940, 002947–948**

Submitted in Support of Plaintiff's Motion for Partial Summary Judgment

**From:** **Dennis Cauchon** dennis@HarmReductionOhio.org
**Subject:** Proposed HRO conflict review schedule
**Date:** September 4, 2024 at 11:37 AM
**To:** Dwayne Steward dwayne@makeitbetterconsulting.com, Dball@rosenbergball.com, Cecile Katz cecile@harmreductionohio.org
**Cc:** Dennis Cauchon dennis@HarmReductionOhio.org

DC

Dwayne and Dave,

I think we should do the expeditiously to be fair to ODH and AmandaLynn. ODH's priority for us is status of conflicted employee.

Also, HRO plans to apply for $500,000 to $750,000 in Ohio Department of Mental Health and Addiction Services (OHMAS) SOS 4.0 grant money with a Sept. 23 application deadline. This conflict must be disclosed in the application. ODH has already reported conflict to OMHAS, which funds our existing contract through SOS 4.0 funds. The conflict should be resolved before the application is made if possible.

In following: DC is Dennis; CK is Cecile, DS is Dwayne, DC is Dave.

**Suggested review schedule:**
* Thursday, September 5 - Send disclosure request to AmandaLynn. (Created by DC, CK. Reviewed by DS, DB.)
* Monday, September 9 — 5 p.m. deadline for disclosure.
* September 10 or 11 — Discuss information gathered so far, including disclosure. Send further requests if needed. (DC, CK, DS, DB)
* Friday, September 13 — Meeting to discuss facts and options. (DC, CK, DS, DB.)
* Friday, September 13 — DC makes decision, informs AL and HTO board.
* Sunday, September 15 — HRO board meets to discuss conflict report and decision.

Dennis Cauchon
President, Harm Reduction Ohio
935 River Road, Suite G
Granville, Ohio 43023
(740) 973-3814
dennis@HarmReductionOhio.org
www.harmreductionohio.org/
he/him/his

*"Let's save some lives today!"*

**From:** **Dennis Cauchon** dennis@HarmReductionOhio.org
**Subject:** Conflict review -- draft disclosure request
**Date:** September 4, 2024 at 11:39 AM
**To:** Dwayne Steward dwayne@makeitbetterconsulting.com, Dball@rosenbergball.com, Cecile Katz cecile@harmreductionohio.org
**Cc:** Dennis Cauchon dennis@HarmReductionOhio.org

DC

I forgot to attached the proposed disclosure request I would like to send tomorrow to AmandaLynn. Please review and edit. DC and CK have gone over it.

**HRO Conflict Request Disclosure Letter-dc-ck 9-4-...**
16 KB

Dennis Cauchon
President, Harm Reduction Ohio
935 River Road, Suite G
Granville, Ohio 43023
(740) 973-3814
dennis@HarmReductionOhio.org
www.harmreductionohio.org/
he/him/his

*"Let's save some lives today!"*

Dear AmandaLynn,

Harm Reduction Ohio (HRO) is reviewing potential conflicts of interest you may have or have had regarding your outside employment. To fully understand any potential conflicts and to ensure that we remain compliant with our policies, contracts and applicable laws, we are requesting that you provide a detailed disclosure of any outside employment, consulting arrangements, financial interests, or any other relevant relationships that might intersect with your role as Chief Program Officer at Harm Reduction Ohio.

Please provide the following information to HRO's Administrator at cecile@harmreductionohio.org:

1. **Name of the outside entity/employer**
2. **Nature and dates of the relationship** (employment, consultancy, financial interest, etc.)
3. **Your role and responsibilities** with the outside entity
4. **Compensation or other financial interests** received from the outside entity
5. **Work completed** including tasks, dates and amounts received
6. **Details on any overlap** or potential conflict between your duties at Harm Reduction Ohio and your relationship with the outside entity
7. **Any additional relevant information** or interpretations that could help clarify the nature of the relationships

We request that you provide documentation, if available, such as contracts, agreements, invoices, travel and mileage reimbursement requests. Please prioritize full disclosure related to your work as Director of Government Advocacy for Velocity BioGroup.

We request that you complete this disclosure by Monday, September 9 at 5 p.m., so we can ensure full compliance with the conflict of interest policies of Harm Reduction Ohio and our funders. This information will help determine if any action is necessary.

Please note that this information will be kept confidential and reviewed solely for the purpose of identifying and managing potential conflicts of interest. Our goal is to maintain transparency and uphold the integrity of Harm Reduction Ohio while ensuring that all employees are treated fairly.

If you have any questions or need clarification, please do not hesitate to reach out to Cecile Katz at cecile@harmreductionohio.org.

Thank you for your prompt attention to this matter.

**From:** **David Ball** dball@rosenbergball.com
**Subject:** Re: Proposed HRO conflict review schedule
**Date:** September 4, 2024 at 3:24 PM
**To:** Dennis Cauchon dennis@harmreductionohio.org
**Cc:** Dwayne Steward dwayne@makeitbetterconsulting.com, Cecile Katz cecile@harmreductionohio.org

DB

All:

I think the form itself is fine. But I do have a concern. I'm concerned that the request for documentation, especially, along with the other questions may be more than she is willing to comply with, which could lead her to simply resign rather than provide the information requested. That would leave HRO in a difficult situation, as I see it. One in which HRO knows generally about a conflict but very little detail. The lack of detail might bother HRO's funders.

So I have a question/suggestion: why not just interview AmandaLynn? That's the more typical approach, in my experience, for an investigation of potential employee misconduct. Until now, it has seemed to me, there was the desire to use the conflict reporting form mechanism for consistency among employees and to avoid a negative impact on employee morale. But now that it's reached this point, I think the importance of repairing HRO's relationship with ODH is the top priority.

The advantage of the interview approach is that HRO would obtain at least some, hopefully most, of the information that it seeks. I'm concerned that if the disclosure form approach is used she might just quit and never provide any of the information.

If the interview approach is chosen, it should be Dennis with Cecile, so there is a witness.

I hope this concern makes sense. But I may be missing something(s).

Best,
Dave

**David T. Ball** ¤ Partner
Rosenberg & Ball Co., LPA
205 South Prospect Street
Granville, Ohio 43023
t (614) 316-8222
dball@rosenbergball.com ¤ www.rosenbergball.com

?

*__Top Lawyers 2024__, Columbus CEO magazine; 2010 American Bar Association Outstanding Young Nonprofit Attorney; Certified Arbitrator, American Arbitration Association ; Co-Host of the "Two Balls, One Court" podcast*

Confidentiality Notice

This e-mail message is intended for use only by the individual or entity to which it is addressed. This message may contain information that is privileged or confidential. It is not intended for transmission to, or receipt by, anyone other than the named addressee (or a person authorized to receive and deliver it to the named addressee). If you have received this transmission in error, please delete it from your system without copying or forwarding it, and notify the sender of the error by reply e-mail. Thank you.

On Wed, Sep 4, 2024 at 11:37 AM Dennis Cauchon <dennis@harmreductionohio.org> wrote:

> Dwayne and Dave,
>
> I think we should do the expeditiously to be fair to ODH and AmandaLynn. ODH's priority for us is status of conflicted

employee.

Also, HRO plans to apply for $500,000 to $750,000 in Ohio Department of Mental Health and Addiction Services (OHMAS) SOS 4.0 grant money with a Sept. 23 application deadline. This conflict must be disclosed in the application. ODH has already reported conflict to OMHAS, which funds our existing contract through SOS 4.0 funds. The conflict should be resolved before the application is made if possible.

In following: DC is Dennis; CK is Cecile, DS is Dwayne, DC is Dave.

**Suggested review schedule:**
* Thursday, September 5 - Send disclosure request to AmandaLynn. (Created by DC, CK. Reviewed by DS, DB.)
* Monday, September 9 — 5 p.m. deadline for disclosure.
* September 10 or 11 — Discuss information gathered so far, including disclosure. Send further requests if needed. (DC, CK, DS, DB)
* Friday, September 13 — Meeting to discuss facts and options. (DC, CK, DS, DB.)
* Friday, September 13 — DC makes decision, informs AL and HTO board.
* Sunday, September 15 — HRO board meets to discuss conflict report and decision.

Dennis Cauchon
President, Harm Reduction Ohio
935 River Road, Suite G
Granville, Ohio 43023
(740) 973-3814
dennis@HarmReductionOhio.org
www.harmreductionohio.org/
he/him/his

*“Let’s save some lives today!"*

**From:** David Ball dball@rosenbergball.com
**Subject:** Re: Proposed HRO conflict review schedule
**Date:** September 4, 2024 at 4:02 PM
**To:** Dennis Cauchon dennis@harmreductionohio.org
**Cc:** Dwayne Steward dwayne@makeitbetterconsulting.com, Cecile Katz cecile@harmreductionohio.org

DB

Makes sense. I green light the form.

**David T. Ball** ¤ Partner
Rosenberg & Ball Co., LPA
205 South Prospect Street
Granville, Ohio 43023
t (614) 316-8222
dball@rosenbergball.com ¤ www.rosenbergball.com

?

***Top Lawyers 2024***, *Columbus CEO magazine; 2010 American Bar Association Outstanding Young Nonprofit Attorney; Certified Arbitrator, American Arbitration Association ; Co-Host of the "Two Balls, One Court" podcast*

Confidentiality Notice

This e-mail message is intended for use only by the individual or entity to which it is addressed. This message may contain information that is privileged or confidential. It is not intended for transmission to, or receipt by, anyone other than the named addressee (or a person authorized to receive and deliver it to the named addressee). If you have received this transmission in error, please delete it from your system without copying or forwarding it, and notify the sender of the error by reply e-mail. Thank you.

On Wed, Sep 4, 2024 at 4:00 PM Dennis Cauchon <dennis@harmreductionohio.org> wrote:

> The truth is the information known now from public information is more than enough for ODH to believe she can't be involved in the naloxone contract or program. So we don't really need more information. The contract with the Kloxxado lobbying firm + her position ordering Kloxxado is in itself a prohibited conflict that cannot be cured. The risk for us is slow action. ODH wants us to keep them up to date on how we are mitigating the conflict, including the status of the employee.
>
> The disclosure effort is an opportunity for AmandaLynn to provide exculpatory information or her side of the story. If she decides to resign, that might be the best outcome for all.
>
> Dennis Cauchon
> President, Harm Reduction Ohio
> 935 River Road, Suite G
> Granville, Ohio 43023
> (740) 973-3814
> dennis@HarmReductionOhio.org
> www.harmreductionohio.org/
> he/him/his
>
> *"Let's save some lives today!"*
>
> > On Sep 4, 2024, at 3:37 PM, David Ball <dball@rosenbergball.com> wrote:
> >
> > Good question. I generally advise that the interview be conducted by an outside investigator, such as myself, when there is the risk of litigation and the risk of accusations of bias on the part of the in-house interviewers (typically HR and a supervisor).
> >
> > I don't see the risk of litigation here, and my concern is that bringing me in would raise her defenses. She might clam up and not give much information if an outside law firm gets involved.

If there is tension between Dennis and AmandaLynn, but less tension between her and Cecile, maybe the interview could be done by Cecile and Dwayne? Or Cecile and a member of the board's personnel committee (or the equivalent)?

Again, as I see the priority here is to strategize to get the most information from her before she might run off.

Dave

**David T. Ball** ¤ Partner
Rosenberg & Ball Co., LPA
205 South Prospect Street
Granville, Ohio 43023
t (614) 316-8222
dball@rosenbergball.com ¤ www.rosenbergball.com

Rated by Super Lawyers

***Top Lawyers 2024**, Columbus CEO magazine; 2010 American Bar Association Outstanding Young Nonprofit Attorney; Certified Arbitrator, American Arbitration Association ; Co-Host of the "Two Balls, One Court" podcast*

Confidentiality Notice

This e-mail message is intended for use only by the individual or entity to which it is addressed. This message may contain information that is privileged or confidential. It is not intended for transmission to, or receipt by, anyone other than the named addressee (or a person authorized to receive and deliver it to the named addressee). If you have received this transmission in error, please delete it from your system without copying or forwarding it, and notify the sender of the error by reply e-mail. Thank you.

On Wed, Sep 4, 2024 at 3:26 PM Dennis Cauchon <dennis@harmreductionohio.org> wrote:

> Good points. Would it make sense for you to do the interview?
>
> Dennis Cauchon
> President, Harm Reduction Ohio
> 935 River Road, Suite G
> Granville, Ohio 43023
> (740) 973-3814
> dennis@HarmReductionOhio.org
> www.harmreductionohio.org/
> he/him/his
>
> *"Let's save some lives today!"*
>
> > On Sep 4, 2024, at 3:24 PM, David Ball <dball@rosenbergball.com> wrote:
> >
> > All:
> >
> > I think the form itself is fine. But I do have a concern. I'm concerned that the request for documentation, especially, along with the other questions may be more than she is willing to comply with, which could lead her to simply resign rather than provide the information requested. That would leave HRO in a difficult situation, as I see it. One in which HRO knows generally about a conflict but very little detail. The lack of detail might bother HRO's funders.

**From:** **Dwayne Steward** dwayne@makeitbetterconsulting.com
**Subject:** Re: Proposed HRO conflict review schedule
**Date:** September 5, 2024 at 9:30 AM
**To:** Dennis Cauchon dennis@harmreductionohio.org
**Cc:** David Ball dball@rosenbergball.com, Cecile Katz cecile@harmreductionohio.org

DS

I think asking for the contracts and the amounts of money is egregious.I also think there is a kinder approach we should be taking to all of this. I don't think that AL or any of the staff is expendable. I believe there is a way we could have gone about this that didn't lead to losing staff, but we may be beyond that at this point. Our mission is to create more compassion in the world for people affected by drugs. I'm not sure why we're not extending this same compassion to our staff. It seems like we're currently not operating within our mission. The effects of all this is going to have long term consequences for the agency that I don't think we're considering.

Dwayne Steward, MPA
Founder and CEO
Make It Better Consulting

make it better
CONSULTING
makeitbetterconsulting.com
dwayne@makeitbetterconsulting.com
(614) 859-9627

On Wed, Sep 4, 2024 at 4:25 PM Dennis Cauchon <dennis@harmreductionohio.org> wrote:

> Will wait to hear from Dwayne.
>
> To make point another way: This is a fact-based inquiry, not one based on a view of what the facts mean. The conflict itself is determining, not whether it affected decision-making. Also, the definitions of conflict and required disclosure — actual and potential, real or perceived — is so broad that, even interpretation, gives limited protection.
>
> While I'm interested in interpretation and nuance, ODH first narrow concern relates to AmandaLynn directing the state to purchase 15,000 Kloxxado kits while having a contract with Kloxxado's lobbying firm.
>
> The conflict has gone through the first four staff layers of review. All consider it a serious and prohibited conflict. It is now in the legal counsel office of ODH (which administers then control) and the legal counsel of the Ohio Department of Mental Health (which funds the contract). AL's only real hope is those legal counsel offices OK override the staff's view.
>
> As a practical matter, a quick resolution is important for us because we are applying for $500,000+ from the same funders on Sept. 23 and a closed conflict case/with mitigation plan in place is better than an open case.
>
>> On Sep 4, 2024, at 4:02 PM, David Ball <dball@rosenbergball.com> wrote:
>>
>> Makes sense. I green light the form.
>>
>> **David T. Ball** ¤ Partner
>> Rosenberg & Ball Co., LPA
>> 205 South Prospect Street
>> Granville, Ohio 43023
>> t (614) 316-8222
>> dball@rosenbergball.com ¤ www.rosenbergball.com
>>
>> Rated by Super Lawyers
>>
>> ***Top Lawyers 2024**, Columbus CEO magazine; 2010 American Bar Association Outstanding Young Nonprofit Attorney; Certified Arbitrator, American Arbitration Association ; Co-Host of the "Two Balls, One Court" podcast*
>>
>> Confidentiality Notice
>>
>> This e-mail message is intended for use only by the individual or entity to which it is

> addressed. This message may contain information that is privileged or confidential. It is not intended for transmission to, or receipt by, anyone other than the named addressee (or a person authorized to receive and deliver it to the named addressee). If you have received this transmission in error, please delete it from your system without copying or forwarding it, and notify the sender of the error by reply e-mail. Thank you.
>
> On Wed, Sep 4, 2024 at 4:00 PM Dennis Cauchon <dennis@harmreductionohio.org> wrote:
>
> > The truth is the information known now from public information is more than enough for ODH to believe she can't be involved in the naloxone contract or program. So we don't really need more information. The contract with the Kloxxado lobbying firm + her position ordering Kloxxado is in itself a prohibited conflict that cannot be cured. The risk for us is slow action. ODH wants us to keep them up to date on how we are mitigating the conflict, including the status of the employee.
> >
> > The disclosure effort is an opportunity for AmandaLynn to provide exculpatory information or her side of the story. If she decides to resign, that might be the best outcome for all.
> >
> > Dennis Cauchon
> > President, Harm Reduction Ohio
> > 935 River Road, Suite G
> > Granville, Ohio 43023
> > (740) 973-3814
> > dennis@HarmReductionOhio.org
> > www.harmreductionohio.org/
> > he/him/his
> >
> > *"Let's save some lives today!"*
> >
> > > On Sep 4, 2024, at 3:37 PM, David Ball <dball@rosenbergball.com> wrote:
> > >
> > > Good question. I generally advise that the interview be conducted by an outside investigator, such as myself, when there is the risk of litigation and the risk of accusations of bias on the part of the in-house interviewers (typically HR and a supervisor).
> > >
> > > I don't see the risk of litigation here, and my concern is that bringing me in would raise her defenses. She might clam up and not give much information if an outside law firm gets involved.
> > >
> > > If there is tension between Dennis and AmandaLynn, but less tension between her and Cecile, maybe the interview could be done by Cecile and Dwayne? Or Cecile and a member of the board's personnel committee (or the equivalent)?
> > >
> > > Again, as I see the priority here is to strategize to get the most information from her before she might run off.
> > >
> > > Dave
> > >
> > > **David T. Ball** ¤ Partner
> > > Rosenberg & Ball Co., LPA
> > > 205 South Prospect Street
> > > Granville, Ohio 43023
> > > t (614) 316-8222
> > > dball@rosenbergball.com ¤ www.rosenbergball.com
> > >
> > > Rated by Super Lawyers
> > >
> > > ***Top Lawyers 2024**, Columbus CEO magazine; 2010 American Bar Association Outstanding Young Nonprofit Attorney; Certified Arbitrator, American Arbitration Association ; Co-Host of the "Two Balls, One Court" podcast*