**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DENNIS CAUCHON, et al.** | : | **CASE NO. 2:25-cv-00075** |
| | : | |
| **Plaintiff,** | : | **JUDGE: Edmund A. Sargus** |
| | : | **Magistrate: Chelsey M. Vascura** |
| **v.** | : | |
| | : | **COUNTERCLAIM DEFENDANT** |
| **DWAYNE STEWARD, et al.** | : | **DENNIS CAUCHON'S MOTION FOR** |
| | : | **LEAVE TO FILE EXHIBITS TO HIS** |
| **Defendants.** | : | **MOTION FOR SUMMARY** |
| | : | **JUDGMENT UNDER SEAL** |
| | : | |

Counterclaim Defendant Dennis Cauchon respectfully moves for leave to file under seal AmandaLynn Reese's employment agreements with Velocity BioGroup, Inc. ("VBG") as exhibits to his Motion for Summary Judgment on Counterclaim Plaintiff Harm Reduction Ohio's Counterclaims.

The agreements are relevant to Mr. Cauchon's summary judgment motion because they concern Ms. Reese's employment by VBG on behalf of Hikma Pharmaceuticals ("Hikma"), her role as Director of Government Advocacy, the duties assigned to that role, the compensation terms, confidentiality provisions, and related provisions bearing on the issues raised in the Motion for Summary Judgment. The documents have been marked "CONFIDENTIAL" and are subject to the Court's Stipulated Protective Order entered on May 1, 2025. That Protective Order requires a party seeking to file confidential material with the Court to take appropriate action to protect the material from public disclosure and, where sealing is necessary, to seek leave to file the material under seal.

Respectfully submitted,

GARVEY | SHEARER | NORDSTROM, PSC

*/s/ David A. Shearer, Jr.*

David A. Shearer, Jr. (0070805)
2388 Grandview Dr.
Ft. Mitchell, KY 41017
t: 859.308.1490
f: 866.675.3676
dshearer@gsn-law.com
*Attorney for Counterclaim Defendant Dennis Cauchon*

**MEMORANDUM IN SUPPORT**

On May 1, 2025, the Court entered a Stipulated Protective Order governing documents and information designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." (ECF 44). The Protective Order applies to confidential information produced in discovery, including non-party materials, copies, excerpts, and summaries of such materials. The Protective Order permits designation of materials as confidential when the producing person or entity asserts in good faith that the materials contain information protected from disclosure, including sensitive commercial information that is not publicly available. The Protective Order further provides that, when confidential information must be filed with the Court and redaction or *in camera* submission is inadequate, the filing party must seek leave to file the material under seal.

Mr. Cauchon's Motion for Summary Judgment relies on Ms. Reese's employment agreements with VBG. The agreements include terms concerning employment by VBG on behalf of Hikma, assigned duties, compensation, promotional-policy obligations, confidentiality obligations, and other employment terms. The agreements bear directly on issues raised in the Motion for Summary Judgment, including whether Mr. Cauchon's statements and actions concerning Ms. Reese's outside employment and potential conflict of interest were substantially grounded in the contents of the agreements. Public filing of the full agreements would disclose confidential employment and commercial terms of a non-party or third party, including compensation terms, proprietary business-related provisions, confidentiality provisions, and terms relating to VBG's work on behalf of Hikma.

The Sixth Circuit standard requires a party seeking sealing to provide a specific, document-by-document justification for secrecy, to identify the interest supporting sealing, and to show that the requested seal is narrowly tailored. *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299,

305-06 (6th Cir. 2016). The Court must independently determine whether sealing is appropriate, even if the parties agree. *Id.* at 306. That standard is satisfied here. The agreements are not being sealed merely because they were designated confidential. Rather, sealing is warranted because the agreements contain non-public employment, compensation, and sensitive commercial information whose public disclosure is unnecessary to resolve the Motion for Summary Judgment. The requested sealing is narrowly tailored. Mr. Cauchon seeks leave to seal only the employment agreements themselves. Mr. Cauchon does not seek wholesale sealing of the Motion for Summary Judgment or the public docket. To the extent the Motion for Summary Judgment discusses the substance of the agreements, Mr. Cauchon has limited those references to the information necessary to present the issues for the Court's consideration. Filing the agreements under seal will protect the confidential material while preserving public access to the remainder of the summary judgment record.

Mr. Cauchon requests that the sealed filing remain under seal until further order of the Court, subject to any later order modifying the seal or requiring a more limited public filing.

For these reasons, Counterclaim Defendant Dennis Cauchon respectfully requests that the Court enter an Order granting him leave to file under seal AmandaLynn Reese's VGB employment agreements, identified as VELOCITY_000031 through VELOCITY_000048, as exhibits to his Motion for Summary Judgment (ECF 105), and granting all further relief the Court deems just and proper.

Respectfully submitted,

GARVEY | SHEARER | NORDSTROM, PSC

*/s/ David A. Shearer, Jr.*

David A. Shearer, Jr. (0070805)
2388 Grandview Dr.
Ft. Mitchell, KY 41017
t: 859.308.1490
f: 866.675.3676
dshearer@gsn-law.com
*Attorney for Counterclaim Defendant Dennis Cauchon*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties of record through the Court's CM/ECF system. Parties may access this filing through the Court's CM/ECF system.

*/s/ David A. Shearer, Jr.*
David A. Shearer, Jr.