**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DENNIS CAUCHON, et al.** | : | **CASE NO. 2:25-cv-00075** |
| | : | |
| **Plaintiff,** | : | **JUDGE: Edmund A. Sargu** |
| | : | **Magistrate: Chelsey M. Vascura** |
| **v.** | : | |
| | : | |
| **DWAYNE STEWARD, et al.** | : | **NOTICE OF FILING REDACTED EXHIBITS IN SUPPORT OF [DOC 105] AND TO COMPLY WITH ORDER [DOC 110]** |
| **Defendants.** | : | |

Please take notice that Plaintiff/Counterclaim Defendant, Dennis Cauchon, by and through counsel, of the filing of his redcated Exhibits in support of his Motion for Summary Judgment and to comply with this Court's Order regarding the filing thereof. Redacted Exhibits are attached hereto as Exhibits A and B.

Respectfully submitted,

GARVEY | SHEARER | NORDSTROM, PSC

*/s/ David A. Shearer, Jr.*

David A. Shearer, Jr. (0070805)
2388 Grandview Dr.
Ft. Mitchell, KY 41017
t: 859.308.1490
f: 866.675.3676
dshearer@gsn-law.com
*Attorney for Plaintiff/Counterclaim Defendant, Dennis Cauchon*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties of record through the Court's CM/ECF system. Parties may access this filing through the Court's CM/ECF system.

*/s/ David A. Shearer, Jr.*
David A. Shearer, Jr.

EXHIBIT A

**EMPLOYMENT AGREEMENT**
**by and between**
**VELOCITY BIOGROUP, INC.**
**and**
**AmandaLynn Reese**

This Employment Agreement is made as of the last date on which it is signed by one of the parties as indicated on the signature page hereof by and between AmandaLynn Reese (Director of Government Advocacy), having an address at: [redacted] and Velocity BioGroup ("VBG"), having an address at 400 North Park Avenue, Suite 12B, #566, Breckenridge, CO 80424.

Under this agreement you are employed by VBG on behalf of Hikma Pharmaceuticals ("Hikma") to provide services as described below.

**Background:**

[redacted]

**Employee Duties:**

1. Director of Government Advocacy agrees that they will act in accordance with this Agreement and to the best interests of VBG and Hikma, to present the best of their skills, experience, and talents, to perform all the duties required. In carrying out their duties and responsibilities, the Director of Government Advocacy agrees to adhere to any and all policies, procedures, rules, and regulations as administered by VBG and as outlined in the Employee Handbook. (Appendix A) In addition, the Director of Government Advocacy agrees to abide by all local, county, State, and Government laws while employed by VBG.

**Services & Deliverables:**

1. The Employee shall be given the job title of Director of Government Advocacy, with the following requirements below:

2. [redacted]
3. [redacted]
4. Team Communication
   a. [redacted]
   b. [redacted]
   c. [redacted]
   d. [redacted]
   e. [redacted]

f. [redacted]

5. Institutional Market Training and Compliance
   a. [redacted]
   b.
   c.

6.

7.

**Fraud and Abuse Representations and Warranties:**

1. Director of Government Advocacy represents and warrants that they have not been, and during the term of this Agreement have not been:
   a. Sanctioned within the meaning of Social Security Act Section 1128A or any amendments thereof.
   b. Convicted of violating the Government Stark law, Government false claims act, Government anti-kickback statute, Government Health Insurance and Portability Act provisions, Government civil money penalties statute, or similar state laws.
   c. Debarred, excluded, or suspended from participation in any Government or state health care program.

**Summary of Velocity BioGroup Promotional Policies:**

1. This Employment Agreement outlines several VBG policies that will apply to how the Director of Government Advocacy promotes our clients' products on behalf of Hikma. These policies apply

to our employees and subcontractors engaged to provide services to Hikma or its affiliates, and compliance with these policies is mandatory.

a. [redacted]

b. [redacted]

c. [redacted]

d. [redacted]

[redacted]

e. [redacted]

f. [redacted]

**Employment Period:**

1. VBG agrees to hire the Director of Government Advocacy on an at-will basis which means this Employment Agreement may be terminated by providing at least 30 days' notice for non-performance, based on the assessment of Hikma and VBG.

[redacted]

2. [redacted]

3. [redacted]

[redacted]

**Employee Benefits:**

1. [redacted]
2. During the term of the Agreement, the Director of Government Advocacy shall be eligible for healthcare benefits.

**Employee Expenses:**

1. All invoices for Pass-Through Expenses shall be accompanied by receipts. Because of the difficulty in substantiating the validity of claims for payment increases with time, VBG reserves the right to decline payment on invoices received that are more than ninety (90) days after an expense has been incurred and the expense/s fall outside VBG's policy and guidelines for reimbursement of business travel and meal expenses. In no event shall VBG pay on invoices submitted more than one hundred eighty (180) days after an expense has been incurred. Nevertheless, all invoices submitted by VBG that are within Hikma's policy and guidelines for reimbursement of business travel and meal expenses, including but not limited to airline flights, hotels, meals etc., shall be paid within thirty (30) days without dispute.

**Vacation Time:**

1. [redacted] Director of Government Advocacy must give notice before scheduling their vacation in accordance with Company policy. Should the contract end prematurely due to performance concerns, or contract cancellation, your vacation will be prorated based on the time of your total service.
2. Vacation time is quoted on an annual basis and must be used within that timeframe. Due to the budget cap for services rendered by the Director of Government Advocacy, unused vacation days will not be rolled over to a new year or paid out.

**Medical Leave:**

1. The Director of Government Advocacy shall be eligible for [redacted] per year for medical issues. If for any reason the Director of Government Advocacy depletes their number of days of Medical Leave in a given year, he or she may be able to use any remaining Vacation Time.
    a. Any and all unused Medical Leave days shall be forfeited at the end of the year.
2. Given the short duration of this contract, VBG is unable to provide medical or disability leave beyond the [redacted] time period.
3. Due to the budget cap for services rendered by the Director of Government Advocacy, unused medical leave days will not be rolled over or paid out.

**Holidays:**

1. The Director of Government Advocacy shall not be required to work during any Government Holiday unless otherwise instructed by VBG. Holidays are determined by Hikma and may change.

**Confidentiality:**

1. The Director of Government Advocacy understands and agrees to keep any and all information confidential regarding the business plans, inventions, designs, products, services, processes, trade secrets, copyrights, trademarks, customer information, customer lists, prices, analytics data, costs, affairs, and any other information that could be considered proprietary to VBG ("Confidential Information"). Director of Government Advocacy understands that disclosure of any such Confidential Information, either directly or indirectly, shall result in litigation with VBG eligible for equitable relief to the furthest extent of the law, including but not limited to, filing claims for losses and/or damages. In addition, if it is found that the Director of Government Advocacy divulged Confidential Information to a third (3rd) party with VBG shall be entitled any and all reimbursement for their legal and attorney's fees. After the Director of Government Advocacy has terminated their employment with VBG, the Director of Government Advocacy shall be bound to this Section of the Employment Agreement for a period of 3 year(s).

**Non-Compete:**

1. During the term of employment, Director of Government Advocacy understands that he or she will be subject to learning proprietary information, including trade secrets, that could be applied to competitors of Hikma. It is the intent of this Employment Agreement that the Director of Government Advocacy will remain employed by VBG for the duration of the Hikma contract. Therefore, in order to protect the fiduciary interests of VBG, the Director of Government Advocacy agrees to the following:
    a. Conflict of Interest. To withhold from working directly for the following competitor(s): All current and potential clients introduced to the Government Alliance Team Director, either directly or indirectly, by Velocity BioGroup.
    b. Competitor(s). To withhold from working directly for the following competitor(s): Companies selling opioid reversal drugs.
    c. Term. This Non-Compete shall be in effect for one (1) year following the date of Director of Government Advocacy termination.

**Director of Government Advocacy Role:**

1. The Director of Government Advocacy shall not have the right to act in the capacity of VBG. This includes, but is not limited to, making written or verbal agreements not authorized by the Hikma or VBG. These rights may or may not change at any time in the future by the VBG.

**Amendments:**

1. This Employment Agreement may be modified or amended under the condition that any such amendment is attached and authorized by all parties as required by Hikma.

**Severability:**

1. This Employment Agreement shall remain in effect under the circumstance a section or provision is unenforceable or invalid. All remaining sections and provisions shall be deemed legally binding unless a court rules that any such provision or section is invalid or unenforceable, thus, limiting the effect of another provision or section. In such case, the affected provision or section shall be enforced as so limited.

**Waiver of Contractual Right:**

1. If the Employer or Employee fails to enforce a provision or section of this Agreement, it shall not be determined as a waiver or limitation. Either party shall remain the right to enforce and compel the compliance of this Agreement to its fullest extent.

**Governing Law:**

1. This Agreement shall be governed under the laws in the State of Colorado.

**Entire Agreement:**

1. This Agreement, along with any attachments or addendums, represents the entire agreement between the parties. Therefore, this Agreement supersedes any prior agreements, promises, conditions, or understandings between the Employer and Employee.

To commence work, VBG must forward to Director of Government Advocacy the signed agreement.

Unless expressly stated otherwise herein, all terms and conditions of the Agreement shall remain in full force and effect.

IN WITNESS WHEREOF, the parties have caused their duly appointed representatives to execute this Employment Agreement as of the date indicated below their respective signatures.

Effective Date: 12/1/2022

| | |
|---|---|
| VELOCITY BIOGROUP, INC.<br><br>SIGNATURE: _ _<br>PRINT NAME: Patricia Trifunov<br>PRINT TITLE: Chief Executive Officer<br>PRINT DATE: December 1, 2022 | AMANDALYNN R[redacted]<br><br>SIGNATURE: [redacted]<br>PRINT NAME: AmandaLynn Reese<br>PRINT TITLE: Director of Government Advocacy<br>December 1, 2022 |

EXHIBIT B

**EMPLOYMENT AGREEMENT**
**by and between**
**VELOCITY BIOGROUP, INC.**
**and**
**AmandaLynn Reese**

This Employment Agreement is made as of the last date on which it is signed by one of the parties as indicated on the signature page hereof by and between AmandaLynn Reese (Director of Government Advocacy), having an address at: [redacted] and Velocity BioGroup ("VBG"), having an address at 400 North Park Avenue, Suite 12B, #566, Breckenridge, CO 80424.

Under this agreement you are employed by VBG on behalf of Hikma Pharmaceuticals ("Hikma") to provide services as described below.

**Director of Government Advocacy Role:**

[redacted]

**Background:**

[redacted]

**Terms:**

1. Director of Government Advocacy agrees that they will act in accordance with this Agreement and to the best interests of VBG and Hikma, to present the best of their skills, experience, and talents, to perform all the duties required. In carrying out their duties and responsibilities, the Director of Government Advocacy agrees to adhere to any and all policies, procedures, rules, and regulations as administered by VBG and as outlined in the Employee Handbook. (Appendix

A) In addition, the Director of Government Advocacy agrees to abide by all local, county, State, and Government laws while employed by VBG.

2. The Director of Government Advocacy agrees that, during the term of their employment, they will not, without VBG's express written consent, engage in any other activity within the agreed-upon work hours for this contract. The Director of Government Advocacy understands that their employment as a director is yearly, not hourly and that their responsibilities for directing may, from time to time, exceed their normal workday.

**Employee Responsibilities:**

1. The Employee shall be given the job title of Director of Government Advocacy, with the following requirements below:
2. [redacted]
3. [redacted]
    a. Director of Government Advocacy shall allocate no less than full-time to achieve Hikma business objectives, manage accounts, develop advocacy, and support the Lobbyist Team.

[redacted]

[redacted]

b. [redacted]

c. [redacted]

d. [redacted]

4. Team Communication
   a. [redacted]
   b. [redacted]
   c. [redacted]
   d. [redacted]
   e. [redacted]
   f. [redacted]

5. Institutional Market Training and Compliance
   a. [redacted]
   b. [redacted]
   c. [redacted]

6. [redacted]

7. [redacted]

a. [redacted]

8. [redacted]

9.

10.

11.

12.

**Fraud and Abuse Representations and Warranties:**

1. Director of Government Advocacy represents and warrants that they have not been, and during the term of this Agreement have not been:
   a. Sanctioned within the meaning of Social Security Act Section 1128A or any amendments thereof.
   b. Convicted of violating the Government Stark law, Government false claims act, Government anti-kickback statute, Government Health Insurance and Portability Act provisions, Government civil money penalties statute, or similar state laws.
   c. Debarred, excluded, or suspended from participation in any Government or state health care program.

**Summary of Velocity BioGroup Promotional Policies:**

1. This Employment Agreement outlines several VBG policies that will apply to how the Director of Government Advocacy promotes our clients' products on behalf of Hikma. These policies apply to our employees and subcontractors engaged to provide services to Hikma or its affiliates, and compliance with these policies is mandatory.
   a. [redacted]

[redacted]

b. [redacted]

c. [redacted]

d. [redacted]

e. [redacted]

f. [redacted]

**Employment Period:**

1. VBG agrees to hire the Director of Government Advocacy for a term of twelve (12) months unless earlier terminated as set forth below. After the expiration of the initial term, this agreement, employment will continue on an at will basis unless an additional term is agreed to in writing signed by both parties.
    i. [redacted] Based on business needs, VBG has the right to change the terms of this employment contract or move the Director of Government Advocacy into a different contract as available, to better reflect updated business needs, which can also include cancelled contracts, mergers, and acquisitions.
    ii. [redacted] In the event that contract is terminated, this Employment Agreement will also be terminated, and the Director of Government Advocacy will be eligible to receive [redacted], not including unused vacation and personal time. This will be in exchange of a signed general release of claims against VBG and Hikma in a form provided to the Director of Government Advocacy by VBG.
    iii. [redacted]

2. Performance Assessment. [redacted]

b. [redacted]

c. [redacted]

**Pay:**

1. As compensation for the services provided, the Director of Government Advocacy shall be paid [redacted] for the Employment Period ("Compensation"). The Compensation is subject to all local, State, Government, and any other taxes and deductions as prescribed by law. Payment shall be distributed to the Employee on a bi-weekly basis.

**Employee Benefits:**

1. During the term of this Agreement, the Director of Government Advocacy shall be eligible for medical benefits, unless otherwise negotiated.
2. [redacted]

**Employee Expenses:**

1. Travel and Expenses (T&E) are to be billed on a pass-through basis.

   a. Director of Government Advocacy must submit T&E expenses and other Pass-Through Expenses to VBG
   b. Pass-Through Expenses shall be reimbursed or paid by VBG within thirty days (30)
   c. VBG shall forward Hikma travel and expenses policies and procedures prior to the beginning of the contract.

2. All invoices for Pass-Through Expenses shall be accompanied by receipts. Because of the difficulty in substantiating the validity of claims for payment increases with time, VBG reserves the right to decline payment on invoices received that are more than ninety (90) days after an expense has been incurred and the expense/s fall outside VBG's policy and guidelines for reimbursement of business travel and meal expenses. In no event shall VBG pay on invoices submitted more than one hundred eighty (180) days after an expense has been incurred. Nevertheless, all invoices submitted by VBG that are within Hikma's policy and guidelines for reimbursement of business travel and meal expenses, including but not limited to airline flights, hotels, meals etc., shall be paid within thirty (30) days without dispute.

**Vacation Time:**

1. [redacted]

Government Advocacy must give a 14-day notice before scheduling their vacation in accordance with Company policy. Should the contract end prematurely due to performance concerns, or contract cancellation, your vacation will be prorated based on the time of your total service.

2. The purpose of the allocated vacation time is to use it within the contract year. However, any unused vacation days will be rolled over.

**Paid Sick Leave:**

1. The Director of Government Advocacy shall be eligible for [redacted] year for medical issues. If for any reason the Director of Government Advocacy depletes their number of days of Medical Leave in a given year, he or she may be able to use any remaining Vacation Time.
2. Paid sick leave that is not used by the end of the contract year carries forward to the next year up to the maximum of [redacted].

**Holidays:**

1. The Director of Government Advocacy shall not be required to work during any Government Holiday unless otherwise instructed by VBG. Holidays are determined by Hikma and may change.

**Confidentiality:**

1. The Director of Government Advocacy understands and agrees to keep any and all information confidential regarding the business plans, inventions, designs, products, services, processes, trade secrets, copyrights, trademarks, customer information, customer lists, prices, analytics data, costs, affairs, and any other information that could be considered proprietary to VBG ("Confidential Information"). Director of Government Advocacy understands that disclosure of any such Confidential Information, either directly or indirectly, shall result in litigation with VBG eligible for equitable relief to the furthest extent of the law, including but not limited to, filing claims for losses and/or damages. In addition, if it is found that the Director of Government Advocacy divulged Confidential Information to a third (3rd) party with VBG shall be entitled any and all reimbursement for their legal and attorney's fees. After the Director of Government Advocacy has terminated their employment with VBG, the Director of Government Advocacy shall be bound to this Section of the Employment Agreement for a period of 3 year(s).

**Non-Compete:**

1. During the term of employment, Director of Government Advocacy understands that he or she will be subject to learning proprietary information, including trade secrets, that could be applied to competitors of Hikma. It is the intent of this Employment Agreement that the Director of Government Advocacy will remain employed by VBG for the duration of the Hikma contract. Therefore, in order to protect the fiduciary interests of VBG, the Director of Government Advocacy agrees to the following:
   a. Conflict of Interest. To withhold from working directly for the following competitor(s): All current and potential clients introduced to the Government Alliance Team Director, either directly or indirectly, by Velocity BioGroup.

b. Competitor(s). To withhold from working directly for the following competitor(s): Companies selling opioid reversal drugs.
c. Term. This Non-Compete shall be in effect for one (1) year following the date of Director of Government Advocacy termination.

**Director of Government Advocacy Role:**

1. The Director of Government Advocacy shall not have the right to act in the capacity of VBG. This includes, but is not limited to, making written or verbal agreements not authorized by the Hikma or VBG. These rights may or may not change at any time in the future by the VBG.

**Amendments:**

1. This Employment Agreement may be modified or amended under the condition that any such amendment is attached and authorized by all parties as required by Hikma.

**Severability:**

1. This Employment Agreement shall remain in effect under the circumstance a section or provision is unenforceable or invalid. All remaining sections and provisions shall be deemed legally binding unless a court rules that any such provision or section is invalid or unenforceable, thus, limiting the effect of another provision or section. In such case, the affected provision or section shall be enforced as so limited.

**Waiver of Contractual Right:**

1. If the Employer or Employee fails to enforce a provision or section of this Agreement, it shall not be determined as a waiver or limitation. Either party shall remain the right to enforce and compel the compliance of this Agreement to its fullest extent.

**Governing Law:**

1. This Agreement shall be governed under the laws in the State of Colorado.

**Entire Agreement:**

1. This Agreement, along with any attachments or addendums, represents the entire agreement between the parties. Therefore, this Agreement supersedes any prior agreements, promises, conditions, or understandings between the Employer and Employee.

To commence work, VBG must forward to Director of Government Advocacy the signed agreement.

Unless expressly stated otherwise herein, all terms and conditions of the Agreement shall remain in full force and effect.

IN WITNESS WHEREOF, the parties have caused their duly appointed representatives to execute this Employment Agreement as of the date indicated below their respective signatures.

Effective Date: 1/10/2024

| VELOCITY BIOGROUP, INC. | AMANDALYNN REESE |
| --- | --- |
| SIGNATURE: __<br>PRINT NAME: Patricia Trifunov<br>PRINT TITLE: Chief Executive Officer<br>PRINT DATE: 2/14/2024 | SIGNATURE: [redacted]<br>PRINT NAME: AmandaLynn Reese<br>PRINT TITLE: Director of Government Advocacy<br>PRINT DATE: 02/08/2024 |